UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERINE HALL-KANNELLIS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 2:18-cv-00301 AC

**ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on September 19, 2013. Administrative Record ("AR") 188-89.[2] The disability onset date was alleged to be September 9, 2013. Id. Following an initial denial

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 8-3 to 8-11 and 9-1 to 9-5 (AR 1 to AR 796).

1

and denial on reconsideration, ALJ G. Ross Wheatley presided over the February 9, 2016 hearing on plaintiff's challenge to the disapprovals. AR 32-62 (transcript). Plaintiff, who appeared with her attorney representative Alex Panutich, was present at the hearing. AR 32-33. Timothy J. Farrell, a Vocational Expert ("VE"), also testified. Id.

On October 27, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 10-24 (decision), 25-29 (exhibit list). On December 7, 2017, after reviewing additional exhibits 17B (Request for review dated June 10, 2016), 18B (Claimant correspondence dated July 12, 2016), 16E (Claimant correspondence dated August 25, 2015), and 17E (Request for review dated August 25, 2017), the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision and additional exhibit list).

Plaintiff filed this action on February 8, 2018. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 4, 5. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 20 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1969, and accordingly was, at age 44, a younger person under the regulations when she filed her application.[3] AR 188. Plaintiff has at least a high school education, and can communicate in English. AR 35, 212. Plaintiff worked as an office manager from December of 1998 through September 9, 2013. AR 215.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

---

[3] See 20 C.F.R. § 404.1563(c) ("younger person").

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in Substantial Gainful Activity (SGA) since September 9, 2013, 2012, the Alleged Onset Date (AOD) (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: Chronic Pain Syndrome (CPS), Left Ankle Degenerative Joint Disease (DJD), post-reconstructive surgery, Obesity, Fibromyalgia, and Osteoarthritis (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RCF) to perform sedentary work as defined in 20 CFR 404.1567(a) except: she can climb ramps, stairs, scaffolds, ropes and ladders occasionally; she can balance, stoop kneel, crouch, and crawl occasionally.
>
> 6. [Step 4] The claimant is capable of performing Past Relevant Work (PRW) as a Secretary. This work does not require the performance of work-related activities precluded by the claimant's Residual Functional Capacity (RFC) (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 9, 2013, through the date of this decision (20 CFR 404.1520(g)).

AR 12-23.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 23.

////

////

## VI. ANALYSIS

Plaintiff alleges that the ALJ made three legal errors: (1) the ALJ improperly rejected the opinion of Dr. Terry Croasdale; (2) the ALJ improperly rejected plaintiff's testimony; and (3) the ALJ improperly rejected lay witness testimony. ECF No. 14 at 4.

### A. The ALJ Improperly Rejected Dr. Croasdale's Opinion

#### 1. The Medical Opinion Evidence

The record before the ALJ included the medical opinions of plaintiff's treating physician Dr. Terry Croasdale, State Agency medical consultant Dr. Maria Rehrig (EX 3A), and State Agency medical consultant Dr. E.L. Gilpeer. AR 20-21. Dr. Croasdale opined that plaintiff could lift and carry less than 10 pounds occasionally, could stand and walk less than two hours in an eight-hour day, and could sit less than two hours in an eight-hour day. AR 20, 454-456. He stated that plaintiff had to alternate every 10 minutes between standing, sitting, and walking, and needed to be able to shift positions at will. Id. He found that plaintiff could never twist, stoop, bend, crouch, climb stairs, or climb ladders and that her ability to reach, handle, finger, feel, push, and pull was limited. Id. He supported these limitations on the grounds of "pain in the extremities." Id. He stated plaintiff must avoid all exposure to fumes, odors, dusts, gasses, poor ventilation, and hazards such as machinery and heights, supporting these limitations on the grounds of "pain in the extremities." Id.

State Agency consultant Dr. Rehrig reviewed plaintiff's case on July 29, 2014, and found that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. AR 20, 94-96. Dr. Rehrig opined plaintiff could sit for six hours in an eight-hour workday and could climb ramps, stairs, ladders, ropes, and scaffolds occasionally. Id. She further opined plaintiff could balance, stoop, kneel, crouch, and crawl occasionally. Id. State agency medical consultant Dr. Gilpeer reviewed plaintiff's case on November 14, 2013. AR 21, 79-81. Dr. Gilpeer identified limitations identical to those assessed by Dr. Rehrig. Id.

#### 2. Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir.

1996). "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

### 3. The ALJ Erred in Discrediting Dr. Croasdale

The ALJ gave little weight to the opinion of Dr. Croasdale first due to a lack of referrals for specialty care: although he diagnosed plaintiff with RSD, it appears he did not refer her to a neurologist; he did not refer plaintiff to a rheumatologist for treatment of fibromyalgia; he did not refer plaintiff to an interdisciplinary pain management center; and although plaintiff would eventually require joint replacement or fusion surgery, he did not refer plaintiff to an orthopedist for many years. AR 20. The ALJ further asserts that Dr. Croasdale based his assessments "only on the claimant's complaints of pain" and did not note any findings on examination to support his opinion. Id. Because Dr. Croasdale's opinion is contradicted by the State Agency consultants, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record for rejecting his opinion. Carmickle, 533 F.3d at 1164. The ALJ did not do so here.

First, contrary to the ALJ's assertions, Dr. Croasdale did refer Plaintiff to Dr. Bai for chronic pain management (AR 367-74), did refer her for EMG testing (AR 439), and an

orthopedic specialist for orthotic shoe inserts (AR 450-53), in addition to specialists for her feet and ankles. AR 351-53, 354-56. Plaintiff explained at the hearing that she has not been able to afford to go to more specialists because it costs extra money that she does not have. AR 45. The ALJ's rejection of Dr. Croasdale for lack of referrals is, most importantly, factually inaccurate and therefore not a legitimate basis to discount his opinion.

Second, the record does not support the ALJ's assertion that Dr. Croasdale based his assessment "only on the claimant's complaints of pain" AR 20. To the contrary, Dr. Croasdale's extensive treatment notes reflect his own clinical observations. AR 20. Medical notes reflect a long history of treatment for chronic pain, as part of which Dr. Croasdale ran multiple tests and performed multiple physical examinations to try to pinpoint the cause of plaintiff's pain. AR 375-420, 440-49, 457-502, 523-83. Ultimately, he seems to have concluded that Plaintiff's pain is related to her fibromyalgia and best addressed by a chronic pain management regime. AR 422. Although objective diagnoses and observations are important parts of a physician report, the ALJ may not simply rely on the inability of a physician to support his or her findings with objective laboratory findings in order to reject the medical opinion. Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989). This is especially true in cases like this one, where plaintiff has been diagnosed with fibromyalgia and chronic pain syndrome, both of which involve pain that is not always consistent with purely objective medical evidence. See Benecke v. Barnhart, 379 F.3d 587, 592 (9th Cir. 2004), Social Security Ruling 12-2p. Because the ALJ's reasons for rejecting Dr. Croasdale's opinions do not withstand scrutiny, the ALJ committed legal error.

B. The ALJ Improperly Rejected Plaintiff's Subjective Testimony

The ALJ improperly rejected plaintiff's subjective testimony regarding her pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759

F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

Here, plaintiff's testimony described her need to take breaks from standing up and that she was unable to make much more than a sandwich or a simple meal before needing to sit down. AR 47. She endorsed stretching in the morning because otherwise she is unable to walk. AR 40. She stated she is able to walk for no more than 15 to 20 minutes at a time and has difficulty lifting a box of tissues. AR 54. The ALJ found plaintiff's activities of daily living do not support her pain testimony because she is able to "drive a car, prepare meals, and do laundry," and because she told her gynecologist in 2013 that she exercised three or four times per week. AR 22, 503 (medical notes stating "Moderate activity level. Exercises occasionally.") Plaintiff's ability to make a sandwich, use the microwave, drive once a week, and do laundry (without folding it), are not inconsistent with her testimony regarding the severity and limiting effects of her pain. See AR 40, 47-49, 54.

The ALJ also appears to rely on the fact that there is "little evidence" that plaintiff has sought treatment from specialists or alternative treatments. AR 22. Plaintiff explained at the hearing that she has not been able to afford to go to more specialists because it costs extra money that she does not have. AR 45. She explained that changes in her insurance coverage have kept her from affording some of the medications Dr. Croasdale recommended. AR 43. Poverty is a legitimate reason why someone might have to forego medical treatment, and the ALJ erred in relying on plaintiff's limited ability to afford treatment as a reason to reject her symptom testimony. Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995). Finally, the ALJ indicates that plaintiff was fired from a past job due to performance issues. AR 22. It is unclear how this

negates plaintiff's complaints of pain. Overall, the ALJ did not provide specific, clear, and convincing reasons for discrediting plaintiff, and committed legal error.

### C. The ALJ Improperly Rejected Lay Witness Testimony

The ALJ erred in rejecting the lay witness testimony of plaintiff's mother, Nancy Hagen. AR 23. The ALJ must take into account lay testimony as to a plaintiff's symptoms unless they provide reasons germane to each witness for disregarding it. Lewis v. Apfel, 236 F.3d 505, 511 (9th Cir. 2001) ("Lay testimony as to claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). Here, the ALJ states simply that Ms. Hagen's testimony was "not consistent with the evidence as a whole, as her allegations are very similar to those of the claimant." AR 23. As discussed above, the ALJ improperly discredited plaintiff. Thus, the ALJ effectively provided no reason for discrediting Ms. Hagen; this is legal error.

### D. Remand

The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. AR 17 at 16. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, her mother's testimony, and the testimony of her treating physician, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is

necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE