1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

CATHERINE HALL-KANELLIS,

No.  2:18-cv-00301 AC

12

Plaintiff,

13

v.

ORDER

14

COMMISSIONER OF SOCIAL
SECURITY,

15

16

Defendant.

17

18

     Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

19

("Commissioner"), denying her application for a period of disability and disability insurance

20

benefits ("DIB") benefits under Title II of the Social Security Act ("the Act").  On February 19,

21

2019, the court granted plaintiff's motion for summary judgment, denied the Commissioner's

22

cross-motion for summary judgment, and remanded the action to the Commissioner for further

23

consideration.  ECF No. 21.

24

     Now pending before the court is plaintiff's August 18, 2021 motion for an award of

25

attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 27.  On August 18, 2021, defendant

26

filed a statement asserting that defendant "is not in a position to either assent or object" to the fee

27

request.  ECF No. 28 at 3.  For the reasons set forth below, the motion will be granted.

28

////

1        I.  REASONABLENESS OF FEE REQUEST

2            At the outset of the representation, plaintiff and her counsel entered into a contingent-fee

3    agreement.  ECF No. 27-3.  Pursuant to that agreement plaintiff's counsel now seeks attorney's

4    fees in the amount of $12,075.00, which represents less than 25% of the $127,351.00 in

5    retroactive disability benefits received by plaintiff on remand, for 13.8 hours of attorney time

6    expended on this matter.  ECF Nos. 27 at 1, 27-4.

7            Attorneys are entitled to fees for cases in which they have successfully represented social

8    security claimants:

9                   Whenever a court renders a judgment favorable to a claimant under
                    this subchapter who was represented before the court by an attorney,
10                  the court may determine and allow as part of its judgment a
                    reasonable fee for such representation, not in excess of 25 percent of
11                  the total of the past-due benefits to which the claimant is entitled by
                    reason of such judgment, and the Commissioner of Social Security
12                  may . . . certify the amount of such fee for payment to such attorney
                    out of, and not in addition to, the amount of such past-due benefits.
13

14   42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42

15   U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing

16   party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)

17   (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  The goal of fee awards under

18   § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that

19   attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'"

20   Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht,

21   535 U.S. at 805).

22           The 25% statutory maximum fee is not an automatic entitlement, and the court must

23   ensure that the fee requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("406(b) does not

24   displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

25   to review for reasonableness fees yielded by those agreements").  "Within the 25 percent

26   boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable

27   for the services rendered."  Id. at 807.  "[A] district court charged with determining a reasonable

28   fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

2

1  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

2  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

3       In determining whether the requested fee is reasonable, the court considers "'the character

4  of the representation and the results achieved by the representative.'"  Crawford, 586 F.3d at 1151

5  (quoting Gisbrecht, 535 U.S. at 808).  In determining whether a reduction in the fee is warranted,

6  the court considers whether the attorney provided "substandard representation or delayed the

7  case," or obtained "benefits that are not in proportion to the time spent on the case."  Id.  Finally,

8  the court considers the attorney's record of hours worked and counsel's regular hourly billing

9  charge for non-contingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at

10  808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and

11  labor required").  Below, the court will consider these factors in assessing whether the fee

12  requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

13       Here, plaintiff's counsel is an experienced attorney who secured a successful result for

14  plaintiff.  There is no indication that a reduction of fees is warranted due to any substandard

15  performance by counsel.  There is also no evidence that plaintiff's counsel engaged in any

16  dilatory conduct resulting in excessive delay.  The court finds that the $12,075.00 fee, which

17  represents a reduced request (less than 25% of the $127,351.00,in past-due benefits paid to

18  plaintiff), is not excessive in relation to the benefits awarded.  In making this determination, the

19  court recognizes the contingent fee nature of this case and counsel's assumption of the risk of

20  going uncompensated in agreeing to represent plaintiff on such terms.  See Crawford, 586 F.3d

21  at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that

22  no benefits would be awarded or that there would be a long court or administrative delay in

23  resolving the cases").  Finally, counsel has submitted a detailed billing statement in support of the

24  requested fee.  ECF No. 27-4 at 1-3.

25       Accordingly, for the reasons stated above, the court concludes that the fees sought by

26  counsel pursuant to § 406(b) are reasonable.

27  ////

28  ////

## II.  OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's attorney was previously awarded $2,700.00 in EAJA fees.  See ECF No. 25. Counsel therefore must remit that amount to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 27), is GRANTED;

2.  Counsel for plaintiff is awarded $12,075.00 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

3.  Counsel for plaintiff is directed to remit to plaintiff the amount of $2,700.00 for EAJA fees previously paid to counsel by the Commissioner.

DATED: September 10, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4